UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN COOPER                       *          CIVIL ACTION

VERSUS                            *          NO: 10-288

ROADWAY EXPRESS, INC. (A/K/A      *          SECTION: "D"(4)
YRC INC.)

### ORDER AND REASONS

Before the court is the **"Motion to Remand" (Doc. No. 17)** filed Plaintiff, John Cooper. Defendant, Roadway Express, Inc. a/k/a YRC Inc., filed a memorandum in opposition (Doc. No. 18). The motion, set for hearing on Wednesday, March 10, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted because removal was untimely.

On August 11, 2009, Plaintiff filed his original petition in state court alleging, under both state law and Title VII of the Civil Rights Act of 1964, employment discrimination based on his religion. (Petition at ¶9). Plaintiff also asserted that he "filed a timely complaint with respect to this religious

discrimination and adverse employment action with the Equal Employment Opportunity Commission, and is waiting for the EEOC to either complete its investigation or provide a Right to Sue letter." (*Id*. at ¶10). On January 13, 2010, Plaintiff filed his First Supplemental and Amending Petition to allege that, on January 10, 2010, he received his right to sue from the EEOC. (First Supp. and Amending Petition at ¶11).

On February 1, 2010, Defendant removed the matter to this court under the court's federal question jurisdiction conferred by Tilt VII. Defendant claims that this matter did not become removable until January 22, 2010, when Defendant was served with Plaintiff's First Supplemental and Amending Petition, in which Plaintiff alleged he received his right to sue letter. Defendant asserts that the "[n]otice of the right to sue is a condition precedent to a valid Title VII claim." (Notice of Removal at p. 2).

Plaintiff now moves the court to remand the case to state court arguing that Defendant failed to timely to remove Plaintiff's original Petition within thirty days and that a right to sue letter is not a jurisdictional requirement for a Title VII claim. The court agrees.

The procedure for removal is provided in 28 U.S.C.§1446 which provides in pertinent part:

2

> **§1446. Procedure for removal**
>
> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice or removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the Defendant, whichever period is shorter.
>
> ...

28 U.S.C. §1446.

Here, Defendant does not dispute that it did not remove this matter within thirty days of service of Plaintiff's original Petition. Rather, Defendant states that it "was served with the [original] Petition, but did not file an answer in the State Court because the Petition and accompanying Citation ... were not internally forwarded within Roadway." (Opp. at p. 2). Nevertheless, Defendant maintains that its removal of Plaintiff's *amended* petition was timely (i.e., within thirty days of service of

3

the Amended Petition), and Plaintiff's *original* petition (which was filed more than five months before the matter was removed) was not removable because Plaintiff had not yet received his right to sue letter from the EEOC.

The Fifth Circuit has held that "receipt of a right to sue letter is not a jurisdictional prerequisite, which if not satisfied deprives courts of subject matter jurisdiction; rather, the receipt of a right-to-sue letter is a condition precedent, which on proper occasion may be equitably modified." *Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1218-19 (5th Cir. 1982); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 383, 393, 102 S.Ct. 1127, 1132 71 L.Ed.2d 234 (1982)("filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling").

Here, Plaintiff sufficiently alleged in his original Petition that he was seeking relief under Title VII. (Original Petition at ¶¶9-10). Indeed, in its removal papers, Defendant cited the original Petition at ¶¶9 and 10 to state that Plaintiff had alleged a violation of Title VII. (Removal at p. 2). The fact that Plaintiff had not received his right to sue letter would not have deprived this court of subject matter jurisdiction had Defendant

4

removed the original Petition.[1] Thus, Defendant's failure to timely remove Plaintiff's original Petition renders Defendant's removal defective and the matter mst be remanded to state court.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **GRANTED.**

New Orleans, Louisiana, this **10th** day of **March, 2010.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff acknowledges that had Defendant removed the original petition, Defendant could have successfully moved for the dismissal of Plaintiff's Title VII claim since the receipt of the right to letter is a condition precedent to a Title VII claim.

5